He asked that his sentence be suspended in the event of a conviction and for a sentence of not more than five years. The jury granted his application and recommended a suspension of sentence, and the court entered such order. However, there is no final order herein, and lacking such, we have no jurisdiction of his appeal. See Bierman v. State, 73 Tex.Cr.R. 284, 164 S.W. 840; Gallier v. State, 78 Tex. Cr.R. 534, 182 S.W. 306; Thomas v. State, 87 Tex.Cr.R. 153, 219 S.W. 1100; Lamkin v. State, 138 Tex.Cr.R. 311, 136 S.W.2d 225; Cisneros v. State, 147 Tex.Cr.R. 123, 179 S.W.2d 313; also Article 779, Vernon's Ann.C.C.P.

The appeal is therefore dismissed.

containing alcohol in excess of four per cent by weight, in a dry area. A jury being waived, the trial court assessed his punishment at a fine of $300.

There are no bills of exception or a statement of facts in the record.

The proceedings appear to be regular.

The judgment is affirmed.

Opinion approved by the Court.

**SHACKLEY v. STATE.**
No. 25117.

Court of Criminal Appeals of Texas.
Jan. 24, 1951.

**SHACKLEY v. STATE.**
No. 25118.

Court of Criminal Appeals of Texas.
Jan. 24, 1951.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

Appellant was convicted for unlawfully selling whisky in a dry area, and his punishment was assessed at a fine of $100.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Appellant was convicted for the offense of selling whiskey, an alcoholic beverage